UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL JONES, JR., :
:
        Petitioner : CIVIL NO. 1:CV-16-1948
  vs. :
: (Judge Caldwell)
WARDEN ODDO, :
:
        Respondent :

*M E M O R A N D U M*

I. *Introduction*

Nathaniel Jones, Jr., has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Jones claims that, in light of the holding in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), declaring the residual clause of the Armed Career Criminal Act (ACCA) unconstitutionally vague, his sentencing enhancements under the ACCA must be vacated. (ECF No. 1, Pet.).[1]

The Petition is before the court for preliminary review. *See* Rules 1(b) and 4 of the rules governing cases under 28 U.S.C. § 2254. Because Jones cannot meet the threshold required for relief under the savings clause of 28 U.S.C. § 2255(e), he may not proceed under 28 U.S.C. § 2241. His Petition will be dismissed for lack of jurisdiction.

---

[1] We note that in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

II.  *Relevant Law*

A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility and is filed in the federal court of the judicial district where the prisoner is incarcerated.  *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)).  "A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and must be presented to the court that imposed the sentence.  *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").

In exceptional circumstances, the "safety valve" or "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention.  28 U.S.C. § 2255(e); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99 (2017); *In re Dorsainvil*, 119 F.3d 245, 249-51 (1997).  The United States Court of Appeals for the Third Circuit has held that a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication on his wrongful detention claim."  *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely

because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[2]  *Id.* at 539.

The Third Circuit has only applied this "safety valve" in the rare situations where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law.  *Okereke*, 307 F.3d at 120 (3d Cir. 2002) (citing *In re Dorsainvil*, 119 F.3d at 251).  A § 2255 motion is inadequate "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision'. . . but is otherwise barred from challenging the legality of the conviction under § 2255."  *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (quoting *Dorsainvil*, 119 F.3d at 252); *see also Gardner*, 845 F.3d at 103.

III.     *Background*

On December 13, 2007, a grand jury in the United States District Court for the Southern District of Georgia returned a twenty-one-count indictment against Jones and five co-defendants.  *See United States v. Jones*, No. 07-CR-0167 (S.D. Ga. Dec. 13, 2007).[3]  Jones pled guilty to Counts Nine and Thirteen.  Count Nine charged that on February 7,

---

[2] Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 motion unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(A).

[3] Available through the Federal Judiciary's Public Access to Court Electronics Records (PACER) service at:  https://www.pacer.gov/.

-3-

2007, Petitioner used, carried, and discharged a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count Thirteen charged that on April 18, 2007, Petitioner used, carried, and brandished a firearm during a crime of violence, hijacking a motor vehicle, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*Id.*, ECF No. 61, Indictment).

On July 17, 2008, Jones was sentenced to a total term of 360 months' imprisonment. (*Id.*, ECF No. 187, Judgment), 120 months on Count 9, and 240 months on Count 13, to be served consecutively. (*Id.*, p. 2.) Jones did not file an appeal. (ECF No. 1, Pet.)

On September 21, 2016, Jones filed a motion in the sentencing court, docketed on October 12, 2016, to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (No. 07-CR-0167, ECF No. 325).[4] In his motion to vacate, Jones claims that his convictions under § 924(c) are invalid following the Supreme Court's decision in *Johnson, supra.* (*Id.*) His § 2255 motion (his first) is currently pending, with the magistrate judge having filed a report recommending to the sentencing court that the motion be denied on the merits. (*Id.*, ECF No. 333).

Jones filed the instant § 2241 petition on September 27, 2016. (ECF No. 1, Pet.). He alleges that he "is actually and factually innocent of his conviction in regards to" Counts Nine and Thirteen in light of *Johnson* and *Welch.* (*Id.*, p. 4 and p. 8).

---

[4] Available through the Federal Judiciary's Public Access to Court Electronics Records (PACER) service at: https://www.pacer.gov/.

IV.   *Discussion*

Petitioner's § 2255 motion, raising the same claims pursued in the instant § 2241 petition, is currently pending in the sentencing court. Moreover, Jones does not allege facts bringing his conviction within the *Dorsainvil* exception. He has thus failed to demonstrate that his § 2255 motion is inadequate or ineffective to address his claims. Further, since his § 2255 motion raises the very issues presented in this petition, nothing would be gained by our transferring the petition to the sentencing court. Thus we will dismiss it.

An appropriate order follows. We will not issue a certificate of appealability since Petitioner has the right to appeal our order to the Third Circuit without a certificate. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: April 27, 2017